AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2021

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

SKENDER CAKONI

Case No. 1:10-cr-464

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before ____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Cakoni's motion, Dkt. No. 235, the supporting documents submitted in connection with it, Dkt. Nos. 536-538, the Government's opposition to the motion (the "Opposition"), Dkt. No. 547, and Mr. Cakoni's reply, Dkt. No. 248. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). Mr. Cakoni's application does not meet his burden to demonstrate that extraordinary and compelling reasons exist for his release. Although styled as an emergency motion triggered by the COVID-19 pandemic, Mr. Cakoni does not present any comorbidity to support the conclusion that his release is appropriate as a result of the COVID-19 pandemic. As the Government aptly argues in its Opposition, Mr. Cakoni's brief discussion of the COVID-19 pandemic and his health concerns are "utterly generic: if this Court followed them, it would have to release just about every defendant in the BOP." Opposition at 26.

Mr. Cakoni uses his motion for compassionate release as an opportunity to relitigate concerns regarding the substantive fairness of his prosecution, conviction, and sentence—essentially reframing the compassionate release motion as another vehicle to mount a collateral attack on his conviction and sentence before a different judge. The Court does not believe that the arguments that he presents at length regarding those issues meet the statutory threshold as extraordinary and compelling circumstances justifying his compassionate release. It is not extraordinary for a defendant to believe that his conviction and sentence were unjust. The defendant has had the opportunity to appeal and seek collateral review of his conviction and sentence. The Court does not see a compelling basis for it to review the defendant's challenges to his conviction and sentence through this procedural vehicle.

Moreover, the Court has reviewed the sentencing submissions of the parties in connection with Mr. Cakoni's sentencing, and after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Cakoni's sentence is appropriate at this time. Mr. Cakoni has not demonstrated marked rehabilitation while incarcerated. The COVID-19 pandemic affects the Court's evaluation of the defendant's need for medical services—but only modestly given the defendant's lack of underlying health conditions, and the roll out of the BOP's vaccination efforts. No change in the other 3553(a) factors justifies the imposition of a lesser sentence at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to terminate the motion pending at Dkt. No. 535.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated: New York, New York
May 16, 2021

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE