```
UNITED STATES DISTRICT COURT                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                   DOCUMENT
------------------------------------------------X   ELECTRONICALLY FILED
                                                :   DOC #: _____
  UNITED STATES OF AMERICA,                     :   DATE FILED: 5/14/2022
                                                :
                                                :
            -against-                           :
                                                :   1:10-cr-00464-GHW
                                                :
  SKENDER CAKONI,                               :           ORDER
                                                :
                            Defendant.          :
                                                :
------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

A letter from Skender Cakoni, dated March 31, 2022, was filed on the docket of this case on April 14, 2022. Dkt. No. 558. In his letter, Mr. Cakoni raises a number of concerns about the conditions of his confinement at FCI McKean. He also describes an incident in which a corrections officer the facility "confiscated" his legal papers ("trial transcripts and motions that I've done throughout my 12 years incarceration, including last year[']s CR, addressed to your Court sir, which you denied sometime in May of last year"). Mr. Cakoni also questions the BOP's decision to place him at FCI McKean, which he describes as a "medium/high" facility.

The Court has reviewed Mr. Cakoni's letter. The Court cannot grant Mr. Cakoni relief with respect to the issues that he raises.[1] The Bureau of Prisons (the "BOP") has sole authority to make decisions regarding the facilities to which prisoners are designated. The BOP's decisions regarding where to place Mr. Cakoni within the BOP system cannot be reviewed by the Court. *See* 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . .

---

[1] Even when read with the special solicitude to be afforded *pro se* litigants, the Court does not understand Mr. Cakoni's comments regarding the Government's response to his motion for compassionate release to constitute a motion for reconsideration of the Court's May 16, 2021 denial of his request for compassionate release. See Dkt. No. 551. To the extent that it does, however, the arguments and facts recited do not modify the Court's assessment of the impropriety of a modification of his sentence given the Court's assessment of the factors under 18 U.S.C § 3553(a).

Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). The Court cannot, therefore, respond to Mr. Cakoni's complaints regarding his placement at FCI McKean.

Similarly, this Court is not the appropriate court to address issues regarding the conditions of Mr. Cakoni's confinement. FCI McKean is located in Pennsylvania; Mr. Cakoni is confined outside of the Southern District of New York and, thus, the jurisdiction of this Court. As a result, this Court does not have jurisdiction to review the conditions of Mr. Cakoni's confinement. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 443, 124 S. Ct. 2711, 2722, 159 L. Ed. 2d 513 (2004).[2] The Court has reviewed Mr. Cakoni's letter. The Court appreciates the issues raised by Mr. Cakoni, however, this Court is not the appropriate forum to which Mr. Cakoni should address the concerns raised.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Cakoni.

SO ORDERED.

Dated: May 14 2022
New York, New York

GREGORY H. WOODS
United States District Judge

---

[2] The Court does not understand Mr. Cakoni's comments regarding the Government's response to his motion for compassionate release to constitute a motion for reconsideration of the Court's May 16, 2021 denial of his request for compassionate release. See Dkt. No. 551. To the extent that it does, the arguments recited do not modify the Court's assessment of the impropriety of a modification of his sentence given the Court's assessment of the factors under 18 U.S.C § 3553(a).