AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/24/2024
```

UNITED STATES OF AMERICA

v.

SKENDER CAKONI

Case No. 1:10-cr-464

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

On December 18, 2023, Skender Cakoni filed a motion for the Court to reduce his sentence under both 18 U.S.C. § 3582(c)(1) and (c)(2). Dkt. No. 577 (the "Motion"). The Court previously ruled on his application for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). See Dkt. Nos. 581 and 582. This order takes up the portion of the Motion in which the defendant applies for compassionate release under 18 U.S.C. § 3582(c)(1).

The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). And Amendment 814 to the Sentencing Guidelines expands the list of specified and extraordinary and compelling reasons that can warrant sentence reductions. The amendment permits a court to consider "Other Reasons" that are of similar gravity to those described in Section 1B1.13(b)(1)-(4) of the Sentencing Guidelines. U.S.S.G. 1B.1.13(b)(5). It also permits the Court to consider an "Unusually Long Sentence" as the basis to find extraordinary and compelling circumstances that

3

justify early release "but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances." U.S.S.G. 1B.1.13(b)(6). Except as set forth in that section, however, changes in law "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. 1B.1.13(c). "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. 1B.1.13(d).

However, the Court does not need to evaluate whether the circumstances described Mr. Cakoni's application constitute "extraordinary and compelling" reasons for his release. That is because the Court does not believe that releasing Mr. Cakoni early is justified after reviewing the factors under 18 U.S.C. § 3553(a). See United States v. Keitt, 21 F.4th 67, 73 (2d Cir. 2021) ("When a district court denies a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors, it need not determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction.").

The 3553(a) factors do not permit the requested modification of Mr. Cakoni's sentence. The application of the 3553(a) factors cripples his request and outweighs any justification for early-release. Here, the factors that weigh in Mr. Cakoni's favor, such as his purported rehabilitation and adverse prison conditions, are overshadowed by the combined force of 'the nature and circumstances of the offense' and the need for the sentence imposed to 'reflect the seriousness of the offense,' 'promote respect for the law,' 'provide just punishment for the offense,' 'afford adequate deterrence to criminal conduct,' and 'protect the public from further crimes of the defendant.' Mr. Cakoni's criminal conduct was remarkably serious. He was engaged in a massive

drug trafficking conspiracy that involved the use of violence. Judge Forrest's description of the defendant's criminal conduct at sentencing is worth quoting at length to explain why the 3553(a) factors listed above weigh so heavily against a sentence reduction. As she said,

"I understand that you are passionate about your innocence, but I have to tell you, Mr. Cakoni, that I do not believe you. . . . Mr. Gjoka testified at your trial that he and others working with him were involved in an organization that trafficked in large quantities of drugs and also committed a large number of burglaries, including your participation in burglaries, and that you were at one point involved in a violent war with the rival gang, the Krasniqi organization. There was also ample testimony at trial, Mr. Cakoni, that you participated in various acts intended to, but did not result in the murder of members of the Krasniqi organization. . . . And there is also no doubt that this conspiracy was widespread, it was violent, it took place between Canada and New York, different members of the conspiracy had different roles, some were in Canada, some were in New York, some were in between, but in a conspiracy together you were. The drugs in which this organization trafficked were intended for and did arrive in fact in large quantities in the communities throughout New York City and Connecticut. In order to succeed, this drug conspiracy had to have a high level of sophistication and organization, with many different participants, playing many different roles. Some people did some things. You may have done some things and not other things, but participate in the conspiracy you did. It does appear from the evidence and from reading the transcripts that you were most involved in ensuring that the Gjoka drug organization received the physical protection that it needed in order to succeed, that was a instrumental role that you played in ensuring the success of a large widespread drug trafficking conspiracy. . . . There is no doubt that the drug conspiracy of which you were part did in fact contribute to the destruction of people's lives, their families, their communities. The war with the Krasniqi brothers resulted in the death

of one of the members of the Gjoka organization. The conspiracy involved not only drugs, but it used violence, both of which carried very high social costs, that don't disappear on the day the members of the drug trafficking organization are arrested."

Mr. Cakoni was involved in a substantial, violent drug trafficking conspiracy. He was possessed a firearm in connection with it. The defendant had a prior criminal conviction for a narcotics offense. The defendant's continued failure to accept responsibility for his actions reinforces the continuing need for personal deterrence. His early release would not result in a sentence that was sufficient to meet the mandate of the 18 U.S.C. § 3553(a).

The Court need not respond to Mr. Cakoni's arguments as to why he has shown extraordinary and compelling reasons for his release. As dicta, however, the Court notes that Mr. Cakoni's arguments fall short individually and in the aggregate. The Court comments here on two of his arguments. First, Mr. Cakoni has not shown that his sentence was unduly long. Mr. Cakoni, with three criminal history points due to his prior sentence of 1 to 3 years' imprisonment for a drug offense involving the sale of cocaine, was convicted of participating in a drug conspiracy that used violence, and possession of a firearm in connection with it. As he notes, he was sentenced to a sentence that exceeded the mandatory minimum sentence applicable to his crime. It appears that Judge Forrest reasonably reasoned that there was a substantial need for deterrence for Mr. Cakoni due to the nature of the underlying crime. While views regarding the sale and use of marijuana have changed in the minds of many in the years since Mr. Cakoni's conviction, his sentence is not unduly long given the nature of his offense, and the defendant's personal characteristics, including the need for personal deterrence. Second, while the Court appreciates Mr. Cakoni's reported steps to rehabilitate himself, which are meritorious, they do not on their own justify a finding of extraordinary and compelling reasons for his early release.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 582 and to mail a copy of this order to Mr. Cakoni.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

March 24, 2024

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE